**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Felton Crago, Jr., | ) No. CIV 05-772-TUC-FRZ (GEE) |
|    Petitioner, | ) **REPORT AND** |
| vs. | ) **RECOMMENDATION** |
| Dora B. Schriro; et al., | ) |
|    Respondents. | ) |

On December 27, 2005, Earl Felton Crago, Jr., an inmate confined in the Arizona State Prison Complex in Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] Crago was convicted after a jury trial of first degree murder. He claims (1) his Constitutional rights were violated when he was required to wear a shock belt during his trial, (2) trial counsel was ineffective for presenting at trial a self-defense theory that was not available as a matter of law, and (3) trial counsel was ineffective for failing to properly investigate and present evidence in support of the petitioner's claim of self-defense (assuming self-defense was a viable option). Before the court are the petition, the answer, a traverse, a supplemental traverse, a supplemental answer, and a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge again recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Crago was convicted after a jury trial of murder in the first degree. (Respondents' answer, Exhibit A-8.) On August 21, 1995, the trial court imposed a sentence of lifetime imprisonment without possibility of parole for 25 years. (Respondents' answer, p. 7.)

Crago filed a timely notice of appeal on August 23, 1995. *Id.* Less than three months later on November 17, 1995, Crago filed a notice of post-conviction relief. *Id.* The court of appeals stayed his direct appeal and allowed the post-conviction petition to proceed. *Id.*

On December 11, 1997, Crago filed his petition for post-conviction relief. *Id.* The trial court dismissed the petition on March 11, 1998. *Id.*, p. 8. When Crago filed a petition for review, the court of appeals consolidated that petition with his direct appeal. *Id.*

The court of appeals affirmed Crago's conviction, vacated the trial court's order for attorney's fees, and remanded the issue to the trial court for a finding of hardship. *Id.*, p. 9. The court further found Crago was entitled to an evidentiary hearing on his claim that trial counsel failed to adequately investigate his claim of self-defense. *Id.* The mandate issued on May 25, 1999. *See* 2CA-CR 1995-0488, *State of Arizona v. Earl Felton Crago, Jr.*

The trial court conducted an evidentiary hearing and issued an order denying post-conviction relief on April 21, 2000. *Id.* Crago filed a petition for review, but the court of appeals denied relief on March 13, 2001. *Id.*, p. 10. Crago filed a petition for review with the Arizona Supreme Court, but the court denied review on October 3, 2001. *Id.*

Previously, on May 7, 2001, Crago filed his second notice of post-conviction relief. *Id.*, p. 11. Crago argued in his petition that his post-conviction relief counsel was ineffective. The trial court held Crago had no Constitutional right to effective assistance during his post-conviction relief proceeding and dismissed the petition on August 22, 2001. *Id.* Crago filed a petition for review, but the court of appeals denied relief on February 19, 2002. *Id.* Crago filed a petition for review with the Arizona Supreme Court, but the court denied review on August 22, 2002. *Id.*

On October 31, 2002, Crago filed his third notice of post-conviction relief arguing his rights were violated when he was required to wear a shock belt during his trial. *Id.*, p. 11. He

filed a supplemental petition on May 14, 2003. *Id.* The trial court found the petition precluded and dismissed it on October 20, 2003. *Id.* After the trial court denied his motion for reconsideration, Crago filed a petition for review, but the court of appeals denied relief finding the issue precluded. *Id.,* pp. 11-12. Crago filed a petition for review with the Arizona Supreme Court, but that court denied review on November 30, 2005. *Id.*, p. 12.

On December 27, 2005, Crago filed the instant petition. The respondents filed an answer arguing his claims are procedurally defaulted. The respondents did not address the issue of timeliness. Crago filed a traverse and a supplement.

On October 9, 2007, this court ordered the parties to file supplemental briefs on the issue of timeliness. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). The respondents filed a supplemental answer, and Crago filed a reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The limitation statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> \* \* \*
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1    In this case, the limitation period was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arizona Supreme Court denied Crago's petition for review on October 3, 2001. Crago had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When he did not do so, his judgment became final on January 2, 2002. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). (The 90th day is January 1, 2002, but this is a holiday so the deadline was automatically extended one day. *See* Sup. Ct. R. 30.)

The limitation period did not begin to run immediately because Crago's second petition for post-conviction relief was pending at this time. Because the state court entertained this petition on the merits, the court will assume without deciding that this petition was properly filed and the limitation period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2). *But see Evans v. Chavis*, 546 U.S. 189, 198 (2006) ("[T]he Circuit must itself examine the delay in each case and determine what the state court would have held in respect to timeliness."). Tolling ended on August 22, 2002, when the Arizona Supreme Court denied Crago's petition for review. The limitation period began to run the next day and expired one year later on August 22, 2003. The instant petition was filed on December 27, 2005. It is time-barred.

Crago's third notice of post-conviction relief was not "properly filed" and therefore did not toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). If a defendant is found guilty after a jury trial, the Arizona Rules of Criminal Procedure contemplate one direct appeal and one petition for post-conviction relief. *See State v. Roasles*, 66 P.3d 1263, 1266-67 (Ariz. App. 2003). The petition for post-conviction relief must be filed "within ninety days after entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." Ariz.R.Crim.P. 32.4(a). The mandate in the direct appeal issued on May 25, 1999. *See* 2CA-CR 1995-0488, *State of Arizona v. Earl Felton Crago, Jr.* The third notice of post-conviction relief filed on October 31, 2002, was untimely. It was therefore not properly filed and did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).

- 4 -

There is an exception to this rule, but Crago does not fall within that exception. The rules permit an untimely or subsequent petition if the petitioner can establish (1) he "is being held in custody after the sentence imposed has expired," (2) "[n]ewly discovered material facts probably exist and such facts probably would have changed the verdict or sentence," (3) his "failure to file a timely notice of post-conviction relief of right or notice of appeal within the prescribed time was without fault on the defendant's part,"  (4)  "[t]here has been a significant change in the law. . . ,"or (5) "the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty . . . ." Ariz. R. Crim. P. 32.4(a), 32.2(a), 32.1(d-h).

In his third notice of post-conviction relief, Crago claimed his rights were violated when he was required to wear a shock belt during his trial. He further argued his petition should be allowed because there had been a significant change in the law citing, inter alia, *State v. Henry*, 189 Ariz. 542, 550, 944 P.2d 57, 65 (1997) and *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1242 (9th Cir. 2001). The trial court and the court of appeals found there had been no change in Arizona law and his petition was therefore precluded. Crago's third petition for post-conviction relief did not fall within the gateway exceptions described at Ariz.R.Crim.P. 32.1(d-h). It was therefore untimely and not "properly filed" for the purposes of 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).

Crago argues this gateway rule is a condition for obtaining relief rather than a condition for filing. *See Artuz v. Bennett*, 531 U.S. 4, 10 (2000). Accordingly, he reasons, his petition was properly filed. The court does not agree.

The gateway exceptions described at Ariz.R.Crim.P. 32.1(d-h) are a condition for filing. The rule reads in pertinent part as follows:

> When a claim under Rules 32.1(d), (e), (f), (g) and (h) is to be raised in a successive or untimely post-conviction relief proceeding, the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner. If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed.

Ariz.R.Crim.P. 32.2(b). If the petitioner makes no showing that his untimely claim qualifies under the gateway exceptions, "the notice shall be summarily dismissed." *Id.* The trial court need not accept the petition or require further briefing. *See* Ariz.R.Crim.P. 32.4(c) ("A defendant proceeding without counsel shall have sixty days to file a petition from the date the notice is filed . . . ."). Clearly, this is more than a condition for relief. It is a condition for filing the petition. *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[T]ime limits, no matter their form are "filing" conditions.").

Crago further argues his petition must have been properly filed because the state court did not explicitly rule that his petition was untimely. Crago is incorrect. The state court found Crago's petition did not fall within any of the gateway exceptions. Accordingly, it was not timely. The court must make this analysis even if the state court failed to do so below. *See Evans v. Chavis*, 546 U.S. 189, 198 (2006) ("[T]he Circuit must itself examine the delay in each case and determine what the state court would have held in respect to timeliness.").

### RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. [doc. #1] It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 5th day of May, 2008.

Glenda E. Edmonds
United States Magistrate Judge

- 6 -